131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald E. CREECH, Plaintiff-Appellant,
v.
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,
Defendant-Appellee.
 No. 97-35101.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Oregon, D.C. No. CV-96-00051-HA, Ancer L. Haggerty, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Creech appeals the district court's summary judgment affirming the Commissioner of the Social Security Administration's denial of Creech's application for disability benefits under 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment upholding an administrative law judge's ("ALJ") denial of benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We must affirm the ALJ's decision if it is supported by substantial evidence and is based upon the correct legal standards. See id.
 
 
 4
 Creech contends that the ALJ's finding that he retained the residual functional capacity to perform medium work is not supported by substantial evidence. We disagree.
 
 
 5
 After Creech completed his treatment for colon cancer, Creech's treating oncologist reported that there was no evidence of any recurrent cancer and that Creech could "return to work without any limitation." Although Creech's treating gastroenterologist reported that the removal of a portion of Creech's colon had caused a bowel control problem, he also noted that this problem could be adequately controlled with medication. Although Creech complained of discomfort due to a ventral hernia that developed after his colon surgery, an examining physician reported that Creech was nevertheless "very active" and that the hernia could be repaired with routine surgery. Moreover, while a treating physician did state that Creech would be restrained from lifting over 30 pounds until the hernia was repaired, the ALJ reasonably interpreted this statement to mean that Creech should not frequently lift over 30 pounds, which is well within the definition of medium work. This constitutes substantial evidence to support the ALJ's finding that Creech retained the residual functional capacity to perform medium work.
 
 
 6
 Creech contends that the ALJ erred by failing to provide specific reasons for rejecting the opinion of Creech's treating gastroenterologist. This contention lacks merit. The ALJ did not reject the treating gastroenterologist's opinion; the ALJ simply noted that the gastroenterologist's reference to Creech's post as a commercial pilot was puzzling given the fact that Creech had retired from his post three years earlier.
 
 
 7
 Creech contends that the ALJ failed to make specific findings to support his rejection of Creech's complaints of disabling fatigue and bowel control problems. We disagree. The ALJ supported his rejection of Creech's testimony with specific findings that Creech performed a wide variety of daily activities, was not taking any medications, and was able to take occasional trips. See Smolen, 80 F.3d at 1284 (stating that ALJ may reject a claimant's testimony regarding tie severity of pain if ALJ makes specific findings stating clear and convincing reasons for doing so).
 
 
 8
 Creech finally contends that the ALJ erred by relying on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("Guidelines") in determining that Creech was not disabled. This contention lacks merit because Creech failed to establish that his nonexertional limitations significantly affected his exertional capabilities. See Macri v. Chater, 93 F.3d 540, 545 (9th Cir.1996).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3